J-S33035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOISESH ISHMAEL CRUZ | : | |
| | : | |
| Appellant | : | No. 2208 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 18, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0001390-2018

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED NOVEMBER 10, 2025**

Moisesh Ishmael Cruz ("Cruz") appeals from the judgment of sentence imposed by the Court of Common Pleas of Lehigh County ("trial court") following the revocation of his probation.  Cruz's counsel, Attorney Sean T. Poll ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Cruz's judgment of sentence.

On January 6, 2023, while Cruz was serving a probation sentence, members of the Lehigh County Probation Department went to Cruz's apartment and found marijuana, packaging material, and ammunition.  On September 18, 2023, Cruz pleaded guilty to possession with the intent to deliver a controlled substance.  The trial court sentenced Cruz to eleven to

thirty-six months in prison. Cruz filed a timely post-sentence motion, which the trial court denied following a hearing. This Court affirmed Cruz's judgment of sentence arising out of the guilty plea. *See Commonwealth v. Cruz*, 56 EDA 2024 (Pa. Super. June 27, 2025) (non-precedential decision).

The Commonwealth filed a petition for revocation of Cruz's probation based on the new conviction. Cruz conceded his violation of probation. Ultimately, the trial court revoked Cruz's probation and sentenced him to two years to four years in prison, to be served consecutively to the sentence arising out of the guilty plea. Cruz filed a timely notice of appeal.

When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow counsel to withdraw without first evaluating whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*. 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate brief on [a]ppellant's behalf).

*Id.* (citations omitted).

Additionally, *Santiago* sets forth precisely what an *Anders* brief must contain:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Substantial compliance with the *Anders* and *Santiago* requirements is sufficient. *Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

We conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition to withdraw and an *Anders* brief, concluding

that the appeal is wholly frivolous. *See* Petition to Withdraw, 04/25/2025; *Anders* Brief at 8. Counsel provided the letter he sent to Cruz informing him that Counsel was filing an *Anders* brief and advising Cruz of his right to proceed pro se or to retain new counsel and raise any additional issues. *See* Letter, 04/25/2025. Counsel attached the *Anders* brief and petition to withdraw to the letter for Cruz to review. *Id.*

In his brief, Counsel provided a summary of the procedural history and facts. *Anders* Brief at 5-6. Counsel also states that he made a thorough review of the record and was unable to "find any issue that might arguably support the appeal." *Id.* at 8. Accordingly, we conclude that Counsel has substantially complied with the procedural requirements for withdrawing from representation. *See Redmond* 273 A.3d at 1252.

We thus turn our attention to the issue Counsel raised in the *Anders* brief: whether the trial court used an improper sentencing enhancement in imposing Cruz's sentence. *See Anders* Brief at 9-10.

This issue challenges the discretionary aspects of Cruz's sentence. *Commonwealth v. Tavarez*, 174 A.3d 7, 10 (Pa. Super. 2017) (a claim that the sentencing court erroneously applied a sentencing enhancement challenges the discretionary aspects of sentencing); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1039 (Pa. Super. 2013) (en banc) (noting there is "no distinction between discretionary sentencing claims generally and those that arise from revocation proceedings").

An appellant must invoke this court's jurisdiction by showing:

(1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (citation omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

Our review of the record indicates that Cruz filed a timely notice of appeal. However, Cruz did not file a post-sentence motion or raise an objection to a sentencing enhancement at the revocation proceeding.[1] "Issues challenging the discretionary aspects of a sentence must be raised in a post-

_____

[1] In fact, as Counsel recognizes, there is no indication in the record that the trial court utilized a sentencing enhancement in imposing the sentence. *Anders* Brief at 10; *see also* N.T., 12/18/2023, at 63 (wherein the Commonwealth notes that it did not "ask the [c]ourt to apply the deadly weapon enhancement").

sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation and quotations omitted). Further, this Court has plainly stated that "the mere filing of an ***Anders*** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." ***Commonwealth v. Cox***, 231 A.3d 1011, 1016 (Pa. Super. 2020). As Cruz has waived his discretionary aspects of sentencing claim, Counsel is correct that raising this issue on appeal would be frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Our independent review of the record reveals no non-frivolous issues that Cruz could raise on appeal. ***See Dempster***, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Cruz's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/10/2025

- 6 -